## WILLIAMS et al. vs. McILROY.

1. DEED: *Mistake in, how corrected. Intervening purchaser.*
   A mistake in a deed in the description of land may be corrected and the title perfected by a subsequent deed; and a purchaser of the land at a sale made after the last deed, under an execution against the grantor levied on it *between* the deeds, gets no title if he have notice at the time, of the mistake and correction.

2. INNOCENT PURCHASER: *One under his own execution is not.*
   A purchaser under his own execution is not an innocent purchaser for value, without notice.

APPEAL from *Washington* Circuit Court.

Hon. J. M. PITTMAN, Judge.

*J. D. Walker*, for appellant.

ENGLISH, C. J. William McIlroy brought ejectment, in the circuit court of Washington county, against John S. Williams, David Williams and James Williams, for possession of the following lands:

The southwest quarter of the southeast quarter of section twenty-eight; *the south half of the southwest quarter of section twenty-seven;* part of the southeast quarter of the southwest

quarter of section twenty-eight, described by metes and bounds; and—

Part of the northeast quarter of the northeast quarter of section thirty-three, described by metes and bounds; all in township sixteen north, range twenty-nine west.

The plaintiff alleged, in his complaint, that he was the owner of the lands, and entitled to possession of them, and that defendant held possession thereof without right. As evidence of title, he alleged that, on the twenty-third of November, 1870, Balis Shumate and America J. Burris, being the owners in fee of said lands, by deed, duly acknowledged and recorded, conveyed them to *Robert R. Williams*, exhibiting a certified copy of the deed.

He then sets out, and exhibits, a sheriff's deed to himself, by which it appears that on the nineteenth of September, 1872, he recovered a judgment in the circuit court of Washington county against *Robert R. Williams* and wife, Rachael, for $1,370.37, etc.; that, on the eighth of May, 1873, he sued out an execution upon the judgment, which, on the same day, was levied by the sheriff on the lands described in the complaint, and other lands, and returned, without sale, unsatisfied, on the nineteenth of June, 1873; that, on the same day, he sued out a *vend. ex.*, by virtue of which the lands were sold on the twelfth of July, 1873, and purchased by the plaintiff in the judgment, who is plaintiff in this suit, for $200, and, after the expiration of the time for redemption, the sheriff executed to him a deed for the lands.

The defendants answered, in substance, as follows:

1. They deny that plaintiff is the owner, and entitled to possession of the lands described in the complaint.

2. Deny that they hold possession of the lands without right.

3. Aver that defendants John S. Williams and James Williams are the owners of the lands, and entitled to possession thereof, by virtue of two deeds of conveyance executed to them by *Robert R. Williams.* on the second of May, 1871, and the twenty-first of May, 1873, recorder's copies of which, with the certificates of acknowledgment and registration, are made exhibits.

4. That defendants, John S. Williams and James Williams, before and at the time of the commencement of the suit, and at the time of the alleged purchase by plaintiff, at the sheriff's sale, were in the peaceable possession of the lands, and entitled to the possession thereof, possession having been delivered to them before then by their father, Robert R. Williams, who, before he executed to them the conveyance of second of May, 1871, was the owner of said lands in fee simple.

That said Robert R. Williams, for a good and valuable consideration, executed and delivered to them said deed of second of May, 1871, by which he gave, granted and conveyed to them said lands, which, on the day of its execution, was duly acknowledged by him, and afterwards, on the ninth of September, 1872, filed in the office of the recorder of Washington county, for registration, and duly recorded.

That, in said deed, said Robert R. Williams, in describing said *south half of the southwest quarter of section twenty-seven, in township sixteen north, of range twenty-nine west,* unintentionally omitted the word *south* before the word *west,* whereby in said deed the said tract was described as *" the south half of the west quarter of section twenty-seven, etc.;"* said parties to the deed intending to insert the words, *south half of the southwest quarter, etc.*

That, on the twenty-first day of May, 1873, said parties

to said deed having discovered the omission aforesaid, said Robert R. Williams, for the consideration alone upon which said deed of second of May, 1871, was executed, made and delivered to defendants, John S. and James Williams, a quit-claim deed to said south half of the southwest quarter, etc., reciting the omission aforesaid, by which he remised, released and forever quit-claimed to them said tract of land, which deed was duly acknowledged by him on the day it was executed, and on the same day filed in the recorder's office, etc., and recorded, etc.; of all which facts plaintiff had notice before and at the time of his alleged purchase of the lands, at the sheriff's sale, on the twelfth of July, 1873.

The plaintiff demurred to the answer, and the court sustained the demurrer to so much of the answer as set up title in defendants (John S. and James Williams) to the south half of the southwest quarter of section twenty-seven, township sixteen north, range twenty-nine west, and overruled the demurrer as to the remainder of the answer.

The cause was submitted to the court, sitting as a jury, and the court found in favor of plaintiff for said south half of the southwest quarter, etc., and also that the permanent improvements made thereon by defendants, after plaintiff purchased the land, were worth more than the rents and profits thereof; and the court further found that the residue of the lands described in the complaint belonged to the defendants, and that they were entitled to possession thereof.

Defendants moved for a new trial, which the court refused and they took a bill of exceptions.

Judgment was rendered in accordance with the finding of the court, and defendants appealed to this court.

It appears from the bill of exceptions that, on the trial, plaintiff read, in evidence, the judgment recovered by him against Robert R. Williams and wife, Rachael, in the circuit court of Washington county, on the nineteenth of September, 1872, and the sheriff's deed for the lands made an exhibit to the complaint, and it was shown that defendants were in possession of the premises at and before the commencement of the suit.

Defendants read, in evidence, the deed executed by Robert R. Williams to John S. and James Williams, on the second of May, 1871, and also the deed executed by him to them on the twenty-first of May, 1873, which were set out in the answer and made exhibits.

They also proved, by C. W. Walker, Esq., that, as their agent, he attended the sheriff's sale at which plaintiff bid off the land in controversy, and gave public notice that they were the property of defendants, and not of Robert R. Williams, and, as their agent, forbade the sale.

They also proved that, at the time of the commencement of the suit, they were in possession of the lands, by virtue of the deed executed to them by their father, Robert R. Williams, second of May, 1871, having received and held full possession under that deed.

Thereupon, they introduced Robert R. Williams as a witness, and offered to prove by him, *first*, that he, for a good and valuable consideration, executed the deed of second May, 1871, and that the south half of the southwest quarter of section twenty-seven, etc., was intended to be inserted in and conveyed, by said deed, by him to defendants, John S. and James Williams. *Second*, That, in attempting to describe in said deed said tract, it was, by mistake, described as the south half of the west quarter of said section, instead of the south half of the southwest

quarter, etc. That the word *south* was intended by him to have been inserted before the word *west*, etc. *Third*, That he, at and before the time of executing said deed, owned and claimed no land whatever in said section twenty-seven, etc., other than the south half of the southwest quarter of said section.

All of which evidence the court excluded, on the ground that parol evidence was not competent or admissible to explain the ambiguity in the deed, if one existed, and that it could not be shown by such evidence that the word *south* was intended by the grantor to be inserted in the deed.

The deed of second of May, 1871, was executed by Robert R. Williams to appellants, John S. and James Williams, and recorded, before appellee obtained his judgment against the grantor, and there was no attempt to show that the conveyance was made to hinder, delay or defraud creditors of the grantor. Indeed the court below held it valid as to all of the lands embraced in it, except the tract in controversy in this appeal, which was misdescribed, it seems, by a mere clerical omission of the word south before the word *west*, in drafting the deed.

No one could read the deed without noticing the mistake, there being no such subdivision of a section of land as " *the south half of the west quarter.*"

The grantees in the deed went into possession of the land under the defective conveyance, and were in possession of it at the time appellee purchased it at the sheriff's sale, and he was notified that the land belonged to them, and not to the defendant in the execution.

Had the deed of the twenty-first of May, 1873, correcting the mistake, not been made, appellants might have had the mistake corrected in a court of equity, after or before

appellee purchased the land, and obtained the sheriff's deed, as was decided by this court in *Allen v. McGaughey et al., 31 Ark., 253,* which case was similar, in some of its leading features, to this.

The deed of the twenty-first of May, 1873, correcting the mistake in the previous deed, was executed and recorded after the lands were levied on under the original execution, but before they were sold under the *venditioni exponas,* and purchased by appellee.

This deed is, in substance, as follows:

" This indenture, made the twenty-first day of May, 1873, by and between Robert R. Williams, of the county of Washington, etc., of the first part, and John S. Williams and James Williams, of the same county, etc., of the second part, witnesseth, that, whereas, the party of the first part, by his deed, bearing date the second day of May, 1871, conveyed certain real estate to the parties of the second part, and intended to convey, and to fully describe in said deed, the south half of the southwest quarter of section twenty-seven, in township sixteen north, range twenty-nine west, in the county of Washington, etc.; and, whereas, in describing said tract, the word *south* before the word west, although intended to be inserted, was, by mistake, unintentionally omitted, now for the purpose of correcting such mistake, and for the consideration in said deed mentioned, and for the further consideration of $1, the receipt of which is hereby acknowledged, the said party of the first part hath remised, released, granted, conveyed and quit claimed, and doth, by these presents, grant, remise, release and forever quit claim unto the said parties of the second part, their heirs and assigns, the said south half of the southwest quarter of section twenty-seven, in township sixteen north,

range twenty-nine west, etc., etc., to have and to hold the same, to the said parties of the second part, their heirs and assigns, forever; and the party of the first part covenants with the parties of the second part, that he will warrant and defend the title to said land hereby conveyed to them, against the claims of all persons claiming by, through and under him, but against none other. Witness the hand and seal of the party of the first part, May 21, 1873." Signed by the grantor.

By this deed Robert R. Williams did just what a court of equity, upon the facts disclosed in the transcript before us, would have compelled him to do. The mistake in the original deed was thereby corrected, and the legal title to the land perfected in the grantees.

The grantees in the first and second deeds were not only in possession of the land, when appellee purchased at the sheriff's sale, but both deeds were upon the public records, whereby appellee had notice, when he purchased the land, of the mistake in the first deed, and its correction by the second. *Byers et al. v. Engles, 16 Ark., 543.* Appellee purchased under his own execution, parted with nothing on his bid, and was not an innocent purchaser for value without notice, etc. *Allen v. McGaughey et al., sup.*

It follows that the court below erred in sustaining the demurrer to so much of appellant's answer as set up and exhibited title to the tract of land in controversy on this appeal. Their title having been thus ruled invalid, the testimony offered by them on the trial, in support of it, and excluded by the court, would have been unavailing if admitted.

The judgment must be reversed, and the cause remanded with instruction to the court below to overrule the demur-

rer to so much of appellant's answer as set up title to the tract of land in controversy on this appeal, and to grant them a new trial.